UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MERCEDES ZEE CORP. LLC,
    *Plaintiff*,

v.

SENECA INS. CO., INC.,
    *Defendant*.

No. 3:14-cv-00119 (JAM)

**ORDER DENYING MOTION FOR RECONSIDERATION**

    This is an insurance coverage lawsuit that was filed in January 2014. On December 22, 2015, the Court denied the parties' cross-motions for summary judgment. On August 3, 2016, plaintiff moved to amend the complaint. Plaintiff's initial motion failed to identify any reason why an amendment of the complaint was necessary or warranted. Doc. #82. Defendant opposed plaintiff's motion, explaining at length—and convincingly so—why plaintiff's motion was ill-founded. Doc. #84. The Court entered an order for plaintiff to explain why the complaint should be amended (*i.e.*, to give reasons that should have been stated when plaintiff first sought leave to amend the complaint more than two-and-a-half years after the action was filed). Doc. #85.

    Plaintiff then filed a memorandum of law explaining the proposed amendments and why, in plaintiff's view, they were warranted. Doc. #86. Plaintiff wrongly claimed that the standard for amending a complaint was the liberal standard of Fed. R. Civ. P. 15(a)(2), rather than the "good cause" standard under Rule 16(b) that governs motions for leave to amend a complaint after the pleadings period has closed. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000). The Court denied plaintiff's motion for substantially the reasons set forth in defendant's opposition memorandum. Doc. #88.

    On September 15, 2016, plaintiff filed a motion for reconsideration. Although one would not know it from reading plaintiff's motion, the standard for granting a motion for

1

reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Ibid.* Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Ibid.* "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The fact that counsel feels upset or disappointed with a judge's ruling is not grounds for a motion to reconsider. Nor should counsel file a motion for reconsideration on the assumption that a judge did not bother to read or understand counsel's prior pleading—or on the assumption that a masterful cut-and-paste of prior points posited will elicit an epiphany from a hard-headed jurist who was unwilling or unable to comprehend "the truth" when presented by counsel in its first incarnation. Needless to say, clients are less than well-served by counsel who file groundless motions in ignorance of controlling standards of law.

Here, plaintiff's motion for reconsideration essentially repeats the same grounds that plaintiff belatedly adduced before. Beyond this needless exercise in redundancy, the motion for reconsideration does not cite or acknowledge the legal standard that governs a motion for reconsideration. Plaintiff has ignored governing law and done nothing to satisfy it. The motion for reconsideration (Doc. #90) is DENIED.

It is so ordered.

Dated at New Haven this 16th day of September, 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge